Chief Justice Robertson,
delivered the opinion of the court.
The bank held a joint and several note on William. B. Long and William H. Cosby, for money loaned to the former. After the note became due, the bank, in consideration of a bill of exchange drawn in its favor by Long, on a mercantile house, in Orleans for the amount due on the note, agreed with Long to extend the credit on the note for four months. After the expiration of this new credit, a judgment was obtained against Cosby on the note, the bill of exchange having been in the mean time, piotested. Cosby enjoined the judgment on the ground, that when the note became due the amount might have been made out of Long, and that indulgence had been given to him by the bank in consideration of the bill of exchange, without his (Cosby’s) privity or consent.
It does not appear, that Cosby requested or assented to the indulgence. And it is proved, thal Long wa* *367 able to pay the amount of the note for some time after it was due. '
Wiclcliffh and Wooley, for plaintiffs; Crittenden and Marshall, for defendants.
The circuit court, by its final decree, made the injunction perpetual; and we approve the decree.
The case of Norton, et al. vs. Roberts, et al. (IV Monroe, 491) must be decisive of the merits of this case.
The new contract essentially altered the terms and legal effect of the first, and materially affected the. rights and interests of Cosby. Whatever he was in form, he was in fact, only the surety of Long. He is, therefore, in equity, released.
Wherefore, the decree of the circuit court is affirmed.